UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-298 |
| | : | |
| v. | : | UNDER SEAL |
| | : | |
| MOHAMMED KAMEL IBRAHIM, and | : | |
| SAMPSON LOVELACE BOATENG, | : | FILED |
| | : | OCT 31 2007 |
| Defendants. | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## GOVERNMENT'S MOTION TO SEAL

The United States of America, through its undersigned attorneys, moves for an order sealing the indictment, bench warrants, and court file in this matter. This prosecution results from a covert investigation into the defendants' alien smuggling activities. Defendant Ibrahim is a Ghanian national and naturalized Mexican citizen currently residing in Mexico City, Mexico. Defendant Boateng is a Ghanian national currently residing in Belize City, Belize. The defendants have been unaware of the investigation.

The government has learned that Ibrahim has plans to travel to Guatemala in the coming weeks. Officials from Immigration and Customs Enforcement ("ICE") have been in contact with their counterparts in Guatemala to make arrangements for the expulsion of Ibrahim to the United States upon his arrival in Guatemala. If Ibrahim does not travel to Guatemala in the coming weeks, the government will immediately seek his extradition from Mexico. ICE officials also have been in contact with their counterparts in Belize. The Belize officials have indicated a willingness to expel Boateng from Belize to the United States upon notification of pending charges here against him. Thus, if the indictment, bench warrants, and case file in this matter become public, there is a risk that Ibrahim and Boateng will learn of the prosecution and flee to

Ghana. The extradition treaty between the United States and Ghana does not cover the offenses charged in the indictment. Accordingly, the interest in the government in keeping this matter under seal outweighs the interest of the public in learning of the case. See <u>Washington Post v. Robinson</u>, 935 F.2d 282 (D.C. Cir. 1991).

The proposed sealing order also includes language that would permit the government to share the indictment with law enforcement officials in Mexico, Belize, and Guatemala and with officials in any other third country that can aid the government in gathering evidence and in obtaining the custody of any of the defendants who are overseas.

For the foregoing reasons, the Court should grant the government's motion to seal.

Respectfully submitted

JEFFREY A. TAYLOR
United States Attorney

_____
JAY I. BRATT
Assistant United States Attorney
National Security Section
555 4th Street, NW, Room 11-437
Washington, D.C. 20530
(202) 353-3602
Illinois Bar No. 6187361
jay.bratt@usdoj.gov