

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 6, 2008

**FILED**
**APR 22 2008**
Clerk, U.S. District and
Bankruptcy Courts

Edward C. Sussman
Attorney at Law
Suite 900 South Building
601 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

    Re:  <u>United States v. Sampson Lovelace Boateng</u>
        *Criminal Case 07-298-02 (RMU)*

Dear Mr. Sussman:

  This letter sets forth the full and complete plea offer to your client, Sampson Lovelace Boateng, from the Office of the United States Attorney for the District of Columbia and the Domestic Security Section of the Criminal Division of the U.S. Department of Justice (hereinafter also referred to collectively as "the Government" or "the United States"). This plea offer expires at 5:00 p.m. on April 22, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

1. Your client agrees to admit his guilt and plead guilty to Counts 1, 3, 4, and 5 of the pending Indictment, which counts charge your client with the following offenses:

    <u>Count 1</u>:  Conspiracy to Commit Offenses Against the United States, in violation of Title 18, United States Code, Section 371;

    <u>Count 3</u>:  Bringing or Attempting to Bring an Alien to the United States for Profit, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii);

    <u>Count 4</u>:  Bringing or Attempting to Bring an Alien to the United States for Profit, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii); and

        Count 5:        Bringing or Attempting to Bring an Alien to the United States for Profit, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

2. Your client understands that the following maximum statutory penalties may be imposed against him upon conviction of the following counts.

   a. Count 1: Your client understands that the maximum statutory penalty that may be imposed against him upon conviction of Count 1 of Conspiracy to Commit Offenses Against the United States is a term of imprisonment of up to 5 years (see 18 U.S.C. § 371), a monetary fine of up to $250,000 (see 18 U.S.C. § 3571(b)(3)), and a term of supervised release of 3 years (see 18 U.S.C. § 3583(b)(2)).

   b. Count 3: Your client understands that the maximum statutory penalty that may be imposed against him upon conviction of Count 3 of Bringing or Attempting to Bring an Alien to the United States for Profit is a term of imprisonment of not less than three years and up to ten years (see 8 U.S.C. 1324(a)(2)(B)(ii)), a monetary fine of up to $250,000 (see 18 U.S.C. § 3571(b)(3)), and a term of supervised release of 3 years (see 18 U.S.C. § 3583(b)(2)).

   c. Count 4: Your client understands that the maximum statutory penalty that may be imposed against him upon conviction of Count 4 of Bringing or Attempting to Bring an Alien to the United States for Profit is a term of imprisonment of not less than three years and up to ten years (see 8 U.S.C. 1324(a)(2)(B)(ii)), a monetary fine of up to $250,000 (see 18 U.S.C. § 3571(b)(3)), and a term of supervised release of 3 years (see 18 U.S.C. § 3583(b)(2)).

   d. Count 5: Your client understands that the maximum statutory penalty that may be imposed against him upon conviction of Count 5 of Bringing or Attempting to Bring an Alien to the United States for Profit is a term of imprisonment of not less than five years and up to fifteen years (see 8 U.S.C. 1324(a)(2)(B)(ii)), a monetary fine of up to $250,000 (see 18 U.S.C. § 3571(b)(3)), and a term of supervised release of 3 years (see 18 U.S.C. § 3583(b)(2)).

3. In addition to any sentence imposed under paragraph 2 of this agreement, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

4.  In consideration of your client's plea of guilty to the above offenses, the United States agrees to seek dismissal of all remaining counts of the Indictment, as to your client, after sentencing. Your client agrees and acknowledges, however, that the charges to be dismissed at the time of sentencing were based in fact.

**Factual Stipulations**

5.  Your client agrees that the attached Factual Proffer in Support of Guilty Plea fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the factual proffer as a written proffer of evidence. In addition, as set forth in this agreement, your client agrees to give under oath a truthful, complete, and accurate statement of your client's knowledge of his co-defendant's role in the commission of the offenses charged in the Indictment.

**Sentencing Guidelines**

6.  Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in Title 18, United States Code, Section 3553(a), including a consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following.

    a.  Your client's Base Offense Level is 12, pursuant to Section 2L1.1(a)(3) of the Sentencing Guidelines.

    b.  Your client is accountable for smuggling between 25-99 unlawful aliens as part of his relevant criminal conduct in this case; accordingly, your client should receive a 6-level increase in offense level, pursuant to Sections 1B1.3 and 2L1.1(b)(2)(B) of the Sentencing Guidelines.

    c.  Your client should receive a 2-level increase in offense level because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, pursuant to Sections 1B1.3 and 2L1.1(b)(6).

    d.  Your client should receive a 3-level increase in offense level for his role as a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive, pursuant to Section 3B1.1(b) of the Sentencing Guidelines.

    e.  Provided that your client clearly demonstrates acceptance of responsibility for his offenses, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that

a 2-level reduction would be appropriate, pursuant to Section 3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

f. The United States agrees that it will not recommend an upward departure from the guidelines as determined by the Court based upon the nature of the offense, your client's relevant offense conduct, or the background of your client.

g. The United States, however, will not be required to make, or refrain from making, any recommendation under this paragraph if your client: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

h. Nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristics and/or adjustment to your client's base offense level that is not specifically referenced in the agreement.

**Pre-Sentence Release**

7. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to Title 18, United States Code, Section 3143, your client should be detained without bond pending his sentencing in this case.

**Cooperation**

8. Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia and the Domestic Security Section of the Department of Justice on the following terms and conditions:

a. Your client shall cooperate fully, truthfully, completely, and forthrightly with the Government and other federal, state, and local law enforcement authorities identified by the Government in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that his cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written

statements; taking government administered polygraph examinations; and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely, and forthrightly as directed by the Government and other federal, state, and local law enforcement authorities identified by the Government in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e). Your client agrees, however, that such a breach by your client will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve your client of his obligations under this agreement.

b. Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

c. Your client shall submit a full and complete accounting of all his financial assets, whether such assets are in your client's name or in the name of a third party.

d. Your client shall testify fully, truthfully, completely, and forthrightly before any and all Grand Juries in the District of Columbia, and elsewhere, and at any and all trials or cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

e. Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw his plea of guilty or relieve your client of his obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

9. Your client understands that the determination of whether your client has provided

substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or Title 18, United States Code, Section 3553(e), as more fully explained later in this agreement, is within the sole discretion of the Government and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or Title 18, United States Code, Section 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigations or prosecutions of other persons who have committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of the Government to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw his plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.

### Waiver of Rights

10. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offenses to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

11. Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and the Government prosecutors outside the presence of counsel. If at some future point you or your client desire to have counsel present during the interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office or to the Domestic Security Section of the Department of Justice, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

12. Your client is aware that Title 18, United States Code, Section 3742 affords your client the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, your client hereby waives all

rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. Your client further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals your client's sentence pursuant to Section 3742(b), your client shall be released from the above waiver of appellate rights. By signing this agreement, your client acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. Your client further agrees, together with the United States, to request that the District Court enter a specific finding that your client's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to Title 18, United States Code, Section 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

14. Your client further agrees to waive all rights, claims, or interest in any witness fee that your client may be eligible to receive pursuant to Title 28, United States Code, Section 1821 for your client's appearance at any grand jury, witness conferences, or court proceedings during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

15. Your client agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Section 1228(c)(5). Specifically, your client agrees that he is removable from the United States upon completion of the sentence imposed in this case. Your client consents to the entry of an order of removal issued by this Court and to the immediate execution of such order upon completion of the sentence imposed in this case. Your client waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal. The United States represents that it has sought and received the Secretary of Homeland Security's (hereinafter also referred to as "DHS") permission to seek your client's stipulated removal pursuant to Title 8, United States Code, Section 1228(c)(5). Your client further agrees, together with the United States, to request that the District Court enter a specific finding that your client's waiver of his right to challenge the stipulated removal was knowing and voluntary.

16. Your client agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure;

(b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture.

17. Your client agrees that upon entry of this plea agreement, your client abandons any existing immigration benefit that he may hold. Your client further agrees that any application for relief from removal, deportation, or exclusion your client filed prior to the completion of this plea agreement shall be deemed abandoned. Your client further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the DHS, shall breach this plea agreement.

18. Your client agrees to assist the DHS in the execution of your client's removal. Specifically, your client agrees to assist the DHS in the procurement of any travel or other documents necessary for your client's removal; to meet with and to cooperate with representatives of the country or countries to which your client's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite your client's removal. Your client further understands that your client's failure or refusal to assist the DHS in the execution of your client's removal shall breach this plea agreement and may subject your client to criminal penalties under Title 8, United States Code, Section 1253.

**Court Not Bound by the Plea Agreement or the Sentencing Guidelines**

19. Your client understands that the sentence in this case will be imposed in accordance with Title 18, United States Code, Sections 3553(a) and 3553(c) through (e), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines. Your client understands also that the sentence to be imposed upon your client is determined solely by the Court. It is understood that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable guideline range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence that is outside the guideline range or if the Court does not follow the Government's sentencing recommendation. Your client understands and agrees that he will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed.

### Reservation of Allocution

20. Your client understands that even if the Government informs the Court of the nature and extent of your client's cooperation, the Government reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons.

21. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility (see U.S.S.G. §3E1.1), and/or imposition of an adjustment for obstruction of justice (see U.S.S.G. §3C1.1), regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (1) engaged in conduct, unknown to the Government at the time of the signing of this agreement, that constitutes obstruction of justice, or (2) engaged in additional criminal conduct after signing this agreement.

### Breach of Agreement

22. Your client understands and agrees that if, after entering this plea agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or engages in any criminal activity prior to sentencing, your client will have breached this plea agreement. In the event of such a breach: (a) the Government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw his guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

23. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is

later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

24. Your client understands and agrees that the Government shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

25. Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

26. It is further agreed that should the conviction following your client's plea of guilty pursuant to this agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

### Government's Obligations

27. The Government will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

28. The Government will inform the Departure Guideline Committees of the United States Attorney's Office for the District of Columbia and the Domestic Security Section of the Department of Justice about the nature and extent of your client's cooperation.

29. If the Departure Guideline Committees of the United States Attorney's Office for the District of Columbia and the Domestic Security Section of the Department of Justice, after evaluating the full nature and extent of your client's cooperation, determine that your client has provided substantial assistance, then the Government will file a departure motion pursuant

to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e). In the event the Government, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and Title 18, United States Code, Section 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute. However, notwithstanding a determination by the Departure Guideline Committees that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, the Government will be free from its obligations under the agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title18, United States Code, Section 3553(e).

### Use of Self-Incriminating Information

30. The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### Complete Agreement

31. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, an Assistant United States Attorney for the District of Columbia and/or a Trial Attorney for the Domestic Security Section of the Department of Justice.

32. Your client further understands that this agreement is binding only upon the United States Attorney's Office for the District of Columbia and the Domestic Security Section of the Criminal Division of the U.S. Department of Justice. This agreement does not bind the Civil Division of the United States Attorney's Office for the District of Columbia or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

33. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the agreement in the space indicated below and returning the original to the Assistant United States Attorney for the District of Columbia once it has been signed by your client and by you or other defense counsel.

                Sincerely yours,

                */s/ Jeffrey A. Taylor /DAT*
                JEFFREY A. TAYLOR
                United States Attorney
                District of Columbia

                */s/*
                MICHAEL HARVEY
                Assistant United States Attorney
                National Security Section

                */s/*
                BRIAN ROGERS
                Trial Attorney
                U.S. Department of Justice
                Criminal Division

## DEFENDANT'S ACCEPTANCE

I have read each of the 13 pages of this plea agreement and have discussed it with my attorney, Edward C. Sussman. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 4-18-08

SAMPSON LOVELACE BOATENG
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 13 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 4-18-08

EDWARD C. SUSSMAN
Attorney for the Defendant